THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY JORDAN, Defendant-Appellant.

(No. 56309;

First District—September 29, 1972.

Thomas Grippando, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

A complaint was lodged against defendant charging him with the offense of aggravated assault.* He waived his right to a jury trial, was

* Ill. Rev. Stat. 1969, ch. 38, par. 12—2 (a) (1).

tried by the court sitting without a jury, found guilty, and sentenced to a term of six months.

On appeal defendant contends that the State failed to prove his guilt beyond a reasonable doubt.

The complaint charged defendant with the offense of aggravated assault in that on April 16, 1971, he allegedly fired several shots through the front window and door of 4431 South Indiana Avenue, the residence of Jewel Johnson, the complainant, thereby placing him in reasonable apprehension of receiving a battery.

The evidence presented by the State is summarized as follows:

George Hoff, identified in the report of proceedings as "plaintiff herein" testified that he lives at 4431 South Indiana Avenue. Sometime between 7:30 P.M. and 9:00 P.M. on April 16, 1971, Hoff was looking out his apartment window. He saw defendant, a former friend, fire a shot through the window. Defendant then ran into a vacant lot and fired another shot which also struck a window in the home. Hoff called the police and, with the aid of the officers who responded, attempted without success to find defendant. Hoff returned to his home and some-time later saw defendant fire a shot through the apartment door and run away. On cross-examination, the public defender referred to the witness as "Mr. Johnson" and elicited testimony that the witness did not actually see defendant fire the shots. Examination by the court estab-lished that Hoff saw defendant carrying a gun on the night in question.

Officer William Donnelly testified that he responded to 4431 South Indiana Avenue where he talked to Johnson who gave a description of the alleged offender. Johnson was then placed in the police car and, a tour of the area was conducted. They observed defendant running in a northerly direction in an alley but he eluded them. They returned Johnson to his home and left the scene. Approximately twenty minutes later, Donnelly responded to another "shots fired" call at the Indiana Avenue address. Again Johnson was placed in the police car for a tour of the area. This tour resulted in defendant's arrest at 4434 South Indiana Avenue. After his arrest, defendant was informed of his constitutional rights and, after some questioning stated, "Oh, hell, I want to make a full confession." Donnelly also examined Johnson's apartment and found bullet holes in the window and front door.

Colene Cools, the mother of Jewel Johnson, testified that she lives at 4431 South Indiana Avenue. She did not give defendant permission to shoot at the doors and windows of her apartment.

The evidence presented by the defense is summarized as follows:

Larry Jordan, the defendant, testified on his own behalf that at ap-proximately 7:30 P.M. on April 16, 1971, he was at the Pacific Garden

Mission. He returned to his home, 4431 South Indiana Avenue, at approximately 8:00 P.M. to find his windows had been broken. He was later arrested on the landing outside of his apartment door. He did not possess a gun on that night and he did not shoot at the windows or door of the complaining witness' apartment. There was some animosity between defendant and the complaining witness.

In contending that he was not proven guilty beyond a reasonable doubt defendant states that there is no evidence that the alleged shots were fired into the residence of Jewel Johnson or that Jewel Johnson was present in the building at the time the shots were fired. This contention fails if the evidence establishes that Jewel Johnson and George Hoff are one and the same person. We believe it does. The report of proceedings clearly states that Hoff was the "plaintiff herein." The public defender referred to Hoff as "Mr. Johnson" and did not in any way indicate that Hoff and Johnson were not the same person. Hoff testified that when the police responded to the scene he was placed in the police car for a tour of the area. Likewise, Officer Donnelly testified that "Mr. Johnson" was placed in the police car for a tour of the area. When those factors are considered with the entire record which, in all respects, indicates that all parties at the trial of this case treated Hoff as though he was in fact Johnson, it is apparent that the evidence was not so unsatisfactory as to leave a reasonable doubt as to defendant's guilt. *People v. Morehead* (1970), 45 Ill.2d 326, 329, 259 N.E.2d 8, 10, *cert.* denied (1970), 400 U.S. 945.

The judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.